[Sac. No. 481.   Department One.—December 22, 1898.]

CATHERINE BONNEY, Administratrix, etc., Appellant, v. EDWIN TILLEY, Respondent.

EXECUTION SALES — MOTION TO VACATE — COLLATERAL SUIT.—In an action brought to have two judgment liens in favor of the plaintiff declared a prior lien to that of two judgments in favor of the defendant, which were not directly appealed from, a motion will not lie to set aside execution sales under the defendant's judgments, and to vacate the certificates and deeds executed to the defendant. The plaintiff in such collateral suit cannot, by motion, have greater relief than that sought by the complaint.

ID.—LACHES OF MOVING PARTY—FAILURE TO REDEEM—SATISFACTION
OF JUDGMENTS.— An execution sale cannot be set aside on motion
made fifteen months after the sale, and after the moving party
has lost his right of redemption from the sale under a lien ad-
judged to be prior to his own; nor can a motion be entertained
where the moving party has himself by execution sales satisfied
the judgments under which he claims the right to make the
motion.

APPEAL from an order of the Superior Court of Nevada
County denying a motion to set aside certificates of sale and
deeds passed under execution.   J. E. Prewett, Judge.

The facts are stated in the opinion  and in the decisions there-
in referred to.

J. M. Walling, for Appellants.

P. F. Simonds, and Thomas S. Ford, for Respondent.

CHIPMAN, C.—This is an appeal by plaintiffs from an order
in the above-entitled action denying plaintiffs' motion to set
aside certain certificates of sales and deeds executed to defend-
ant in certain other actions, on the ground that the judgments
therein have been modified by this court.

This case was here on a former appeal and is reported in
*Bonney v. Tilley,* 109 Cal. 346.   The facts out of which the
controversy originally arose are somewhat lengthy and not a
little complicated.   They will be found stated in that case and in
the case entitled *Tilley v. Bonney,* Sacramento No. 433, *supra,*
opinion in which was this day filed.   To recapitulate briefly, this
case of *Bonney v. Tilley* was an action to have the lien of certain
two judgments obtained by Bonney against the Midnight Gold
and Silver Mining Company declared superior to the lien of
certain two judgments of Tilley against the same company, to
wit, *Tilley v. Midnight Gold and Silver Mining Company* and
*Gray et al. v. Midnight Gold and Silver Mining Company.*   One
of Tilley's judgments, to wit, the Gray judgment, was held to
be a prior lien to the extent of seven hundred and seventy-five
dollars on a certain parcel of the company's mining property,
·and,as to the other judgments of both Bonney and Tilley, they
were of equal priority.   On the first appeal of this case the
judgment of the lower court was affirmed as to Tilley's prior

lien, in the Gray judgment, for seven hundred and seventy-five dollars, and the court reduced the lien of his judgment in the other case to one thousand dollars and directed the judgment in *Bonney v. Tilley* to be modified accordingly. The judgment was entered as modified November 30, 1895. Tilley held a sheriff's deed under an order of sale in the Gray judgment, executed about April 19, 1894, and before this modified judgment was entered, and he also had a deed delivered to him by the sheriff September 24, 1896, on his other judgment.

On February 26, 1897, plaintiffs gave notice of the motion in this present case to set aside Tilley's judgments, and certificates of sale and deeds in the two other cases above referred to, to wit, *Gray v. The Corporation* and *Tilley v. The Corporation,* the ground of the motion being the modification of the judgment in *Bonney v. Tilley.* The lower court denied the motion, hence this appeal.

Appellants cite numerous cases to the point that the lower court may on motion set aside sales under the original judgment after it has been modified by this court. The cases referred to are instances where the restitution sought was of some right accruing to the appealing party in the action in which the motion is made. In the present case the motion is to set aside certificates of sale and deeds thereunder issuing out of and pursuant to judgments in two other separate and distinct actions, to wit, *Gray et al. v. The Corporation* and *Tilley v. The Corporation.* The judgments in these cases were never appealed from. In the action of *Bonney v. Tilley* it was not sought to set aside the sales ordered under the Tilley judgments; the object of that action was to have Bonney's judgments declared to be superior as liens on the corporation property. It seems to us that plaintiffs could not, by motion, in this case, have greater relief than they asked for in their complaint in the action. But aside from this objection plaintiff did not move in the matter until fifteen months after the modified judgment was entered; plaintiffs did not offer within the statutory period, nor in compliance with the statute at any time, to redeem from the sale under the Gray judgment, which was declared to be prior in right for seven hundred and seventy-five dollars to all other liens. There is not only no equity in plaintiffs' motion, but positive inequity in this—that

to set aside defendant's deeds would leave plaintiffs the sole owners of the property, as to part of which defendant has a valid prior lien and as to the rest he holds liens equal in priority to plaintiffs'.

There is still another reason why it would seem improper to grant the relief on motion, even if plaintiffs could show on a general bill in equity that they are entitled to it. They issued execution on their judgments, purchased the property and caused their judgments to be satisfied, and they so stand now. We know of no proceedings by motion supplemental to the satisfaction and extinguishment of the judgment to accomplish the object sought here. Plaintiffs have their action to quiet title, or other appropriate proceeding to determine the relative rights of all claimants to the property. But after sales on execution and deeds have issued, and the judgments have been satisfied, we see no way by which these relative rights could be determined in the summary manner here resorted to.

We have been asked by plaintiffs in this case, who are also defendants in *Tilley v. Bonney*, Sacramento No. 433, to consider the two cases together on account of their alleged intimate relations. We are not permitted to use the facts in these cases interchangeably, for there is no stipulation that we may do so. But after an examination of both transcripts we discover nothing in either one to change our opinion as to the other.

We think the motion was properly denied and that the order appealed from should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Garoutte, J., Harrison, J., Van Fleet, J.